IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEDRICK LAMON GRIHAM,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. 2:16-cv-08117-RDP |
| ) | 2:06-cr-00334-RDP-JEO |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**MEMORANDUM OPINION**

This case is before the court on Petitioner Dedrick Lamon Griham's motion to vacate his sentence under 28 U.S.C. § 2255. (Civil Doc. # 1; Cr. Doc. # 78).[1] For the reasons explained below, the court holds (1) that it lacks jurisdiction to consider Griham's motion, and (2) that transferring this matter to the United States Court of Appeals for the Eleventh Circuit under 28 U.S.C. § 1631, as Griham requests, would be improper. Griham's § 2255 motion is therefore due to be denied.

**I.  Background**

This is Griham's second motion to vacate under 28 U.S.C. § 2255. The court therefore provides a brief history of Griham's initial convictions, sentence, and first § 2255 motion.

Among other crimes, Griham was convicted in 2007 of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Cr. Doc. # 52 at 1). As relevant here, Griham received a life sentence under the Armed Career Criminal Act ("ACCA") on the felon-in-possession count. (*Id.* at 2). Griham appealed his convictions, and the Eleventh Circuit affirmed. *United States v. Griham*, 278 F. App'x 960 (11th Cir. 2008).

---

[1] Citations to "Civil Doc." refer to the docket sheet for this civil case, 2:16-cv-08117-RDP. Citations to "Cr. Doc." refer to the docket sheet for Griham's criminal case, 2:06-cr-00334-RDP-JEO.

Griham filed his first § 2255 motion in 2009, asserting various challenges to his convictions and sentence. (Cr. Doc. # 71). This court denied that motion as untimely under the one-year statute of limitations for § 2255 motions established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2255(f). *Griham v. United States*, 2:09-cv-08029 (N.D. Ala. Oct. 8, 2009).

Griham filed his second § 2255 motion on June 21, 2016. (Civil Doc. # 1 at 5; Cr. Doc. # 78 at 5). He argues that his life sentence should be vacated under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated ACCA's residual clause as unconstitutionally vague, and *Welch v. United States*, 136 S. Ct. 1257 (2016), which held that *Johnson* applies retroactively on collateral review.

## II.     Analysis

Griham's § 2255 motion requires the court to decide two issues. The first is whether the court has jurisdiction to consider the motion. If the court lacks jurisdiction, the second question is whether the court should transfer this matter to a court of competent jurisdiction (here, the Eleventh Circuit) pursuant to 28 U.S.C. § 1631. The court concludes both that it lacks jurisdiction and that transfer to the Eleventh Circuit under § 1631 is impermissible. Griham's § 2255 motion is therefore due to be denied.

### A.     This Court Lacks Jurisdiction to Consider Griham's Second § 2255 Motion

A federal prisoner seeking to file a "second or successive" § 2255 motion must seek authorization from the Eleventh Circuit before a district court may consider the motion. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). When a prisoner fails to seek or obtain such authorization, a district court lacks jurisdiction to consider the merits of the motion. *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *Farris*

*v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). The question here is whether Griham's instant § 2255 motion is "second or successive" within the meaning of the relevant provisions of AEDPA. If it is, then this court lacks jurisdiction to consider the motion because the Eleventh Circuit has not authorized it to do so.

Griham's instant § 2255 motion (filed in 2016) is of course second in time to his first § 2255 motion, which he filed in 2009. But that does not necessarily mean his motion is "second or successive" for AEDPA purposes. *See Stewart v. United States*, 646 F.3d 856, 857 (11th Cir. 2011). Under Eleventh Circuit precedent, an application for postconviction relief[2] is only "second or successive" if it follows an application that was previously disposed of in a "judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014). This court denied Griham's first § 2255 motion as untimely under AEDPA's one-year statute of limitations. The question is thus whether that denial of Griham's first § 2255 motion as untimely was a "judgment on the merits" that renders his second motion "successive" and therefore subject to the strictures of 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A).

The Eleventh Circuit has never held in a published decision that the denial of an application for postconviction relief as untimely is a judgment on the merits that renders subsequent applications second or successive. But in unpublished decisions, three panels of the Eleventh Circuit have reached that conclusion. *See Boykin v. United States*, 592 F. App'x 809, 812 (11th Cir. 2014); *Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014); *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010). Additionally, at least six other federal

---

[2] For simplicity, the court uses the term "application for postconviction relief" to refer to either a motion to vacate under § 2255 or a habeas petition under § 2254. "Because of the similarities between the provisions governing second or successive petitions under § 2254 and second or successive motions under § 2255, precedent interpreting one of these parallel restrictions is instructive for interpreting its counterpart." *Stewart*, 646 F.3d at 859 n.6.

courts of appeals have likewise concluded (in published or unpublished opinions) that the denial of a habeas petition or § 2255 motion as untimely renders subsequent applications for postconviction relief successive. *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003); *Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). For the reasons explained below, the court concludes that the Eleventh Circuit's unpublished panel decisions and the decisions of the Second, Third, Fifth, Seventh, Ninth, and Tenth Circuits are correct. The denial of an application for postconviction relief as untimely under AEDPA's statute of limitations is a judgment on the merits that renders subsequent applications second or successive.

Though the Eleventh Circuit has not squarely confronted this issue in a published opinion, this court does not write on an entirely blank slate. The Eleventh Circuit has explained that the dismissal of an application for postconviction relief *without prejudice* does not render later applications successive under AEDPA. *Boyd*, 754 F.3d at 1302; *Dunn v. Singletary*, 168 F.3d 440, 441 & n.2 (11th Cir. 1999). There are several reasons an application for postconviction relief might be dismissed without prejudice, including (1) to allow the prisoner to exhaust state postconviction remedies, *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000); (2) because the prisoner failed to comply with technical filing requirements, *Dunn*, 168 F.3d at 441 n.2; and (3) because the district court determined it lacked jurisdiction to consider the application (for example, because it concluded the application was successive), *Boyd*, 754 F.3d at 1302. In these instances of dismissal without prejudice, the application for postconviction relief is not adjudicated "on the merits" and therefore does not render subsequent applications successive. *Id.*

On the other hand, the dismissal of an application for postconviction relief *with prejudice*

4

ordinarily does render subsequent applications successive under AEDPA. *Dunn*, 168 F.3d at 441-42.³ The question this case presents is simply whether the dismissal of a § 2255 motion as untimely is a "dismissal with prejudice" or "judgment on the merits" that renders subsequent applications for postconviction relief successive.

It has long been recognized that a dismissal "with prejudice" denotes the adjudication of a claim "in a way that finally disposes of a party's claim and bars any future action on that claim." *With Prejudice*, Black's Law Dictionary (11th ed. 2019). Usually, a dismissal with prejudice means the court adjudicated the substance of the party's claim and found it to be without merit. *See Dismissal*, Black's Law Dictionary (11th ed. 2019) (defining "dismissal with prejudice" as "[a] dismissal, [*usually*] after an adjudication on the merits, barring the plaintiff from prosecuting any later lawsuit on the same claim"). But not always. Sometimes, a court may dismiss an action without reaching the substantive merits of a party's claim in a way that nonetheless "finally disposes of a party's claim and bars any future action on that claim." *With Prejudice*, Black's Law Dictionary (11th ed. 2019). One example of this scenario is when a court dismisses an action as barred by the applicable statute of limitations. Though it is not necessary for a court to delve into the "merits" of an untimely claim (at least in the colloquial sense of that word), a dismissal on statute-of-limitations grounds is still "with prejudice" and constitutes a "judgment on the merits" for res judicata purposes. *See* 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4441, pp. 213-14, 217 (2d ed. 2002) (identifying the "clearly

---

³ There are a few exceptions to this rule, but none of them are relevant here. *See Panetti v. Quarterman*, 551 U.S. 930, 945 (2007) (numerically second habeas petition raising claim that prisoner was incompetent to be executed not successive when brought as soon as the claim was ripe); *Stewart*, 646 F.3d at 863-66 (numerically second § 2255 motion challenging prisoner's career offender enhancement not successive where the factual basis for the challenge -- vacatur of the prisoner's predicate state convictions -- did not exist before proceedings on his first § 2255 motion concluded); *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002) (numerically second § 2255 motion not successive where first § 2255 motion successfully sought relief to file an out-of-time notice of appeal).

correct rule that dismissal of a prior action as barred by the statute of limitations precludes a second action on the same claim in the same system of courts" and explaining that "a limitations dismissal is a judgment on the merits that bars a second action on the same claim"); Restatement (Second) of Judgments § 19 cmt. f (1982) (explaining that a judgment for the defendant on statute-of-limitations grounds bars another action by the plaintiff on the same claim in the same jurisdiction).

The well-settled meanings of the terms "with prejudice" and "judgment on the merits" apply with equal force in the postconviction-relief context as they do in ordinary civil actions. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996) (describing AEDPA's restrictions on second or successive applications as "a modified res judicata rule"). When a court reaches and rejects the substantive merits of a prisoner's constitutional claims, its decision "finally disposes of" the prisoner's claim, *With Prejudice*, Black's Law Dictionary (11th ed. 2019), and therefore results in a dismissal with prejudice that renders subsequent applications for postconviction relief successive, *Dunn*, 168 F.3d at 441-42. And likewise, the dismissal of a § 2255 motion as untimely under AEDPA also "presents a 'permanent and incurable' bar to federal review" of the motion, thereby finally disposing of the prisoner's claim. *Villanueva*, 346 F.3d at 61. Such a dismissal therefore operates as a "dismissal with prejudice" or "judgment on the merits" that renders successive any subsequent § 2255 motion by the same prisoner challenging the same federal judgment.[4]

A contrary rule would not only contravene the well-settled understanding of the terms

---

[4] This conclusion is consistent with Eleventh Circuit precedent that uses the phrase "dismissal with prejudice" to describe the dismissal of a habeas petition as untimely. *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (stating that "[t]he district court dismissed [a habeas petition] with prejudice as untimely").

"with prejudice" and "judgment on the merits"; it would also lead to illogical results. Suppose a prisoner filed a timely § 2255 motion challenging the constitutionality of his federal conviction, which a district court ultimately denied as without merit after considering the constitutional claim. There is no question the district court's denial of the motion would count as a judgment on the merits rendering any subsequent § 2255 motions successive. *See Dunn*, 168 F.3d at 441-42; *Boyd*, 754 F.3d at 1302. But under Griham's proposed rule, had the prisoner delayed in filing the exact same § 2255 motion, raising the exact same constitutional claim, until *after* AEDPA's limitations period expired, the denial of the motion as untimely would *not* count as a judgment on the merits rendering subsequent § 2255 motions successive. Such a rule would lead to a perverse result—it would reward prisoners who fail to comply with the congressionally imposed time limit for filing § 2255 motions by allowing them a second chance to collaterally attack their sentences that is unavailable to prisoners who comply with AEDPA's statute of limitations. Absent any textual evidence to the contrary, the court will not lightly conclude that AEDPA requires that anomalous result. *Reiter v. Cooper*, 507 U.S. 258, 267 (1993) (declining to interpret a statute to produce "such an odd result in the absence of any such indication in the statute"); *see also Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1755 (2019) (Alito, J., dissenting) (explaining that "a good interpreter . . . reads a text charitably, not lightly ascribing irrationality to its author").

Because this court's denial of Griham's first § 2255 motion as untimely was with prejudice and operated as a judgment on the merits, it renders his instant § 2255 motion second or successive. The court therefore concludes it is without jurisdiction to consider the motion, as Griham did not seek authorization from the Eleventh Circuit before filing his second or successive § 2255 motion in this court. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

7

### B. Transfer Under § 1631 Is Unavailable

Because Griham's failure to seek authorization from the Eleventh Circuit before filing his successive § 2255 motion deprives this court of jurisdiction to consider it, the usual course would be to deny the motion. But Griham asks the court to take a different route. Rather than deny the motion, Griham argues the court should transfer it to the Eleventh Circuit pursuant to 28 U.S.C. § 1631 so the Eleventh Circuit can decide whether to authorize this court to consider the motion, as required by 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A). Unfortunately for Griham, however, and as explained below, transfer under § 1631 is unavailable in these circumstances.

Section 1631 provides:

> Whenever a civil action is filed in a [federal] court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

28 U.S.C. § 1631. Because this court lacks jurisdiction to consider his § 2255 motion, Griham argues it would be "in the interest of justice" to transfer this matter to the Eleventh Circuit—the court in which Griham could have (and should have) sought authorization to file a successive § 2255 motion. *Id.* Once in the Eleventh Circuit, Griham contends his § 2255 motion should be construed as a motion for authorization to file a successive § 2255 motion and treated "as if it had been filed" in the Eleventh Circuit "on the date upon which it was actually filed" in this court. *Id.*

The Eleventh Circuit has previously declined to decide whether a § 1631 transfer is available where a prisoner fails to seek authorization from the court of appeals and instead files a successive application for postconviction relief directly in federal district court. *Guenther v. Holt*, 173 F.3d 1328, 1330-32 (11th Cir. 1999). In *Guenther*, two prisoners filed successive habeas

8

petitions in federal district court. *Id.* at 1329-30. The district court dismissed the successive petitions for lack of jurisdiction and the prisoners appealed, arguing that the district court should have transferred the petitions to the Eleventh Circuit under § 1631. *Id.* at 1330. The Eleventh Circuit concluded that, even assuming a § 1631 transfer was available in these circumstances, transfer was not "in the interest of justice" and therefore not warranted. *Id.* at 1330-31. As to one prisoner, a § 1631 transfer would not have benefitted him because his habeas petition was time-barred in any event. *Id.* at 1331. As to the other prisoner, a § 1631 transfer was unnecessary because more than three months remained on AEDPA's one-year limitations period when the district court dismissed his petition, thus giving him ample time to seek authorization from the Eleventh Circuit and refile his successive habeas petition. *Id.* Because a § 1631 transfer was not in the interest of justice, the Eleventh Circuit "decline[d] to decide whether a § 1631 transfer might be a viable option in some other case." *Id.* at 1331-32.

Here, unlike in *Guenther*, the question whether a § 1631 transfer is available is squarely presented. Griham timely filed his successive § 2255 motion on June 21, 2016—within one year of "the date on which the" right not to be sentenced under ACCA's unconstitutionally vague residual clause "was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3).[5] But, if the court dismissed his § 2255 motion today for lack of jurisdiction, any subsequently filed *Johnson*-based § 2255 motion would be untimely under § 2255(f)(3)—making it futile for Griham to seek authorization from the Eleventh Circuit to file a successive § 2255 motion in the usual manner.

---

[5] Though Griham's § 2255 motion was received by the court on June 27, 2016, it was signed and dated on June 21, 2016 and mailed by June 22, 2016. (Civil Doc. # 1 at 4-6). Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015). Absent evidence to the contrary, courts assume a prisoner delivered a filing to prison authorities on the date he signed it. *Id.* The Supreme Court decided *Johnson v. United States*, the decision announcing the constitutional right Griham asserts, on June 26, 2015. 135 S. Ct. 2551 (2015). Griham's motion to vacate is therefore timely under 28 U.S.C. § 2255(f)(3).

9

Thus, Griham's only hope of obtaining a merits review of his *Johnson* claim lies in a § 1631 transfer to the Eleventh Circuit.

Unfortunately for Griham, however, a § 1631 transfer is unavailable in these circumstances. That is so for at least two independent reasons. First, § 1631 does not authorize a transfer here because Griham's § 2255 motion to vacate is not a "civil action" as that term is used in § 1631. Second and alternatively, even if a § 2255 motion were a civil action, transfer in this case would be futile in light of AEDPA's requirement that a prisoner seek authorization to file a successive § 2255 motion in the court of appeals "*[b]efore* [such motion] is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *see also id.* § 2255(h).

1. **A § 2255 Motion Is Not a "Civil Action" Under § 1631**

Enacted in 1982, § 1631 authorizes the transfer of a "civil action." Pub. L. No. 97-164, § 301, 96 Stat. 25, 55 (1982). Because the statute does not define "civil action," the term must be given its ordinary meaning at the time of enactment. *Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 407 (2011). At the time of § 1631's enactment, the term "civil action" meant (as it means today) an "[a]ction brought to enforce, redress, or protect private rights[;] [i]n general, all types of actions *other than criminal proceedings*." *Civil Action*, Black's Law Dictionary 222 (5th ed. 1979) (emphasis added); *see also Action*, Black's Law Dictionary (11th ed. 2019) (defining "civil action" as "[a]n action brought to enforce, redress, or protect a private or civil right; a *noncriminal* litigation") (emphasis added).

But a motion to vacate under § 2255 is not an "action" at all, and it certainly is not a "civil action." Such a filing is instead, as § 2255 expressly states, a "motion" filed in an existing *criminal* case. 28 U.S.C. § 2255(b)-(f), (h) (referring to a filing under § 2255 as a "motion"). Rather than authorizing the filing of a "civil action," § 2255 simply permits a prisoner seeking to collaterally

attack his federal sentence to "*move* the court which imposed the sentence to vacate, set aside or correct the sentence." *Id.* § 2255(a) (emphasis added). For that reason, motions to vacate under § 2255 are filed with the court that imposed the challenged sentence, in the criminal case from which the sentence resulted. (*See* Cr. Doc. # 78) (Griham's § 2255 motion, filed in his 2006 criminal case and bearing the case number for that criminal case). Though the Clerk of this court also assigns § 2255 motions a civil docket number (Civil Doc. # 1), that is merely for administrative case tracking purposes. *See* District Clerks' Manual, Ch. 8, § 8.02(c)(2)(i) (explaining that "[a]lthough a new civil case is opened [when a § 2255 motion is filed], it is only a shell" and directing that § 2255 applications "be assigned to the original trial judge" and "treated as a motion in the closed criminal case").[6] As a formal matter, § 2255 applications are motions filed in an existing federal criminal case that ask the sentencing court to vacate or correct the sentence imposed in that criminal case. They do not commence a separate civil action.

The relief available to movants under § 2255 further confirms that applications under that statute are motions in a prisoner's criminal case rather than separate civil actions. If a federal court finds that a § 2255 movant is entitled to relief, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or *grant a new trial* or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b) (emphasis added). The relief of a new trial is especially significant because that relief is available only by moving the criminal court of conviction (or a court with appellate jurisdiction of the criminal case) to grant a new trial; not by instituting a separate civil action (such as an action for a writ of habeas corpus). Indeed, on a petition for a writ of habeas corpus (which is a civil action, not a criminal proceeding, *Ex parte*

---

[6] The District Clerks' Manual is published by the Administrative Office of the United States Courts and was made available by the Clerk of this court.

*Tom Tong*, 108 U.S. 556, 558-60 (1883)), federal-court relief was traditionally limited to discharging the prisoner from wrongful confinement under an unconstitutional statute. *See In re Medley*, 134 U.S. 160, 173-74 (1890). A federal habeas court had no power grant a habeas petitioner a new trial; it could only order his release from custody. *Id.*[7]

Congress had this limitation on the scope of federal habeas relief in mind when it first enacted § 2255 in 1948, Pub. L. No. 80-773, 62 Stat. 869, 967-68, and this limitation was one reason it established a motion remedy for federal prisoners instead of the traditional action for a writ of habeas corpus. In its report on S. 20 of the 80th Congress (the provisions of which were incorporated by the same Congress in title 28 U.S.C. as § 2255), the Senate Judiciary Committee described the advantages of a motion remedy for federal prisoners seeking to collaterally attack their sentences over the traditional remedy of habeas corpus. S. Rep. No. 80-1526, at 1-3 (2d Sess. 1948). Because "habeas corpus is a separate civil action and not a further step in the criminal case in which petitioner is sentenced," the Committee explained, habeas courts were "by no means in the same advantageous position . . . to do justice as would be so if the matter were determined in the criminal proceeding." *Id.* at 2. Specifically, the Committee observed, federal courts could not grant prisoners a new trial on habeas corpus. *Id.* (citing *In re Medley*, 134 U.S. 160, 174 (1890)). That relief *would* be available under § 2255, however, because "the motion remedy is in the criminal proceeding" and § 2255 would give the sentencing court "broad powers to set aside the judgment and to 'discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.'" *Id.* (quoting the statutory language that became § 2255).

---

[7] Additionally, unlike a federal habeas court, a federal court of conviction considering a § 2255 motion has the power to enter a new judgment in the criminal case, from which a new appeal may be taken. *McIver*, 307 F.3d at 1329. This provides further evidence that the § 2255 application is a motion in the prisoner's criminal case, not a new civil action.

12

This legislative history confirms what the statutory text makes abundantly clear: an application for § 2255 relief is a motion in the prisoner's criminal case, not a separate civil action.

Finally, the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules") provide additional compelling evidence that § 2255 applications are criminal motions rather than civil actions.[8] The Advisory Committee Notes to Rule 1 make clear that "a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action." Section 2255 Rules, Advisory Committee Notes to Rule 1. And, far from being an interesting piece of legal trivia, this fact "has significance at several points in these rules." *Id.* For example, unlike habeas petitions under § 2254 (which commence a new civil action), no filing fee is required for a § 2255 motion. *Id.*, Advisory Committee Notes to Rule 3. Additionally, the Federal Rules of *Criminal* Procedure (which do not apply to § 2254 habeas petitions) are made applicable to various proceedings under § 2255. *Id.*, Rules 6 & 12 and accompanying Advisory Committee Notes. Lastly, Rule 11(b) states that the Section 2255 Rules "do not extend the time to appeal the original judgment of conviction." The Advisory Committee explains that this provision "is intended to make clear that, *although a § 2255 action is a continuation of the criminal case*, the bringing of a § 2255 action does not extend the time [to appeal from an original criminal judgment]." *Id.*, Advisory Committee Notes to Rule 11 (emphasis added).

Based on the text, structure, legal context, and legislative history of § 2255, as well as the Section 2255 Rules promulgated by the Supreme Court and approved by Congress, the court concludes that a § 2255 application is a motion in the movant's criminal case and does not commence a separate civil action. Because § 1631 only authorizes the transfer of a "civil action,"

---

[8] The Section 2255 Rules are a set of procedural rules promulgated by the Supreme Court and approved by Congress which govern proceedings under § 2255. *See* 28 U.S.C. §§ 2072-74.

which means a noncriminal litigation, that provision does not authorize the transfer of this matter to the Eleventh Circuit. There is simply no "civil action" before the court which it may transfer under § 1631. For that reason alone, the proper course is to deny Griham's § 2255 motion because the court is without jurisdiction to consider it.

The Eleventh Circuit's decision in *In re Green*, 215 F.3d 1195 (11th Cir. 2000) is not to the contrary. There, a district court transferred a § 2255 motion to the Eleventh Circuit under § 1631 after determining that it lacked jurisdiction to consider the motion because it was second or successive. *Id.* at 1196. The clerk of the Eleventh Circuit then directed the prisoner to file an application for leave to file a second or successive § 2255 motion. *Id.* However, the Eleventh Circuit ultimately held that the § 2255 motion filed in the district court was not second or successive and therefore did not need to be certified by the Eleventh Circuit to be considered by the district court. *Id.* The court therefore denied as unnecessary the prisoner's application for leave to file a second or successive § 2255 motion and sent the matter back to the district court. *Id.*

*Green* does not establish that a § 2255 motion may be properly transferred under § 1631 for at least two reasons. First, *Green* held that because the district court did not lack jurisdiction over the § 2255 motion (as it was not successive), transfer to the Eleventh Circuit under § 1631 was unnecessary (and indeed, by implication, improper). *Id.*; *see also* 28 U.S.C. § 1631 (requiring as a precondition of transfer that there be "a want of jurisdiction"). The *Green* court thus had no occasion to consider the question presented in this case: where a district court *does* lack jurisdiction over a § 2255 motion, is transfer under § 1631 nonetheless proper?

To put this point a different way, § 1631 imposes two requirements before a district court may transfer a matter under the statute: (1) there must be a "want of jurisdiction" and (2) the matter to be transferred must be a "civil action." 28 U.S.C. § 1631. Only if both requirements are satisfied

may the district court transfer the matter. The Eleventh Circuit in *Green* held that the first requirement (want of jurisdiction) was not met and therefore returned the matter to the district court. 215 F.3d at 1196. *Green* thus did not (and could not have) implicitly established that § 1631's *second* requirement was satisfied in that case. That is, it could not have determined that a § 2255 motion is in fact a civil action.

Second, even if it could be argued that the Eleventh Circuit implicitly approved the district court's § 1631 transfer in *Green* (and to be clear, it cannot), that approval would not have precedentially established that the § 1631 transfer in *Green* was proper. That is because a transferee court under § 1631 must assume jurisdiction of a transferred matter so long as it "can find the transfer decision *plausible*." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818-19 (1988) (emphasis added). A transferee court is not at liberty to decline a § 1631 transfer unless it determines the transfer was "clearly erroneous," not merely incorrect. *Id.* (establishing this rule to prevent "perpetual game[s] of jurisdictional ping-pong"). Thus, the *Green* court at most could have held only that the § 1631 transfer in that case was plausibly correct; it could not have determined, de novo, that § 1631 transfers are available whenever a prisoner improperly files a successive § 2255 motion in federal district court without first seeking authorization from the court of appeals.[9]

Thus, the question whether § 2255 motions may be transferred under § 1631 is still an open one in this Circuit. And for the reasons explained above, the court concludes that § 1631 does not

---

[9] Nor does the fact that the *Green* court "transferred" the § 2255 motion "back to the district court" establish that § 2255 motions may be transferred under § 1631. 215 F.3d at 1196. That is so because the *Green* court did not rely upon § 1631 to transfer the § 2255 motion back to the district court. It did not "find that there [was] a want of jurisdiction," 28 U.S.C. § 1631, and on that basis transfer the § 2255 motion to the district court. It instead merely held that the district court should never have sent the § 2255 motion its way in the first place (as the motion was not successive) and administratively returned the matter to the district court (where it should have remained the whole time).

15

authorize the transfer of § 2255 motions.

### 2.  Alternatively, a § 1631 Transfer in This Case Would Be Futile in Light of AEDPA's Gatekeeping Provisions

Even if a § 2255 motion were a civil action generally subject to transfer under § 1631, transfer in this case would be futile because AEDPA requires that a prisoner seek authorization to file a successive § 2255 motion in the court of appeals "*[b]efore* [such motion] is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *see also id.* § 2255(h). The Eleventh Circuit has previously observed that this plain language in § 2244(b)(3)(A) may prohibit the transfer of a successive application for postconviction relief under § 1631. *See Guenther*, 173 F.3d at 1330 n.4. That observation was spot on. Even if available, transfer under § 1631 would be futile here because AEDPA's plain language requires prisoners to seek authorization from the court of appeals *before* filing a successive application for postconviction relief. Griham did not seek such advance authorization here, and no § 1631 transfer can now cure that defect: any authorization from the Eleventh Circuit following a § 1631 transfer would come necessarily come *after*, not before, Griham filed his § 2255 motion—which would flatly contradict the text of § 2244(b)(3)(A). This court therefore could not consider Griham's § 2255 motion even if transfer to the Eleventh Circuit were authorized under § 1631.

In the usual context in which § 1631 applies (ordinary civil litigation), there is typically no statutory requirement that a litigant first obtain authorization from one court before seeking relief in another. That requirement is seemingly unique to the AEDPA context. Usually then, when a litigant asks a court to transfer a civil action to another court under § 1631, the only question is which of the two courts properly has jurisdiction of the cause. *See generally Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988); *Xitronix Corp. v. KLA-Tencor Corp.*, 916 F.3d 429

(5th Cir. 2019). If the first court lacks jurisdiction and it is in the interest of justice, the proper course is to transfer the action to the second court, where the case will remain until it reaches its proper conclusion.

The situation is somewhat different here. Griham does not seek a § 1631 transfer to the Eleventh Circuit so that he can litigate his § 2255 motion in that court to its conclusion. Rather, he seeks a § 1631 transfer now because he previously failed to comply with AEDPA's requirement that prisoners filing successive § 2255 motions first seek authorization from the court of appeals before filing the successive motion in district court. And he intends to return to this court (presumably through yet another § 1631 transfer) to litigate the merits of his § 2255 motion if the Eleventh Circuit grants him authorization to do so. The question is thus whether § 1631 may be employed in this manner to circumvent AEDPA's gatekeeping provisions, *see* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

The restrictions AEDPA imposes on second or successive applications for postconviction relief reflect Congress's considered judgment that, absent narrow, specified circumstances, prisoners should generally be limited to a single opportunity to collaterally attack their sentences in federal court. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1090 (11th Cir. 2017) (en banc); *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1269 (11th Cir. 2004) (collecting cases making this point). But in addition to imposing substantive limits on *when* a prisoner may collaterally attack his sentence for a second time, AEDPA also imposes procedural requirements regulating *how* prisoners may mount successive collateral attacks. One of those procedural requirements is that the court of appeals screen successive § 2255 motions before district courts be required to consider them. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). That did not happen in this case, and (as explained below) a § 1631 transfer (even if available) cannot now

17

cure Griham's failure to comply with that procedural requirement.

Section 2244(b)(3)(A), which applies to successive § 2255 motions by virtue of § 2255(h), provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). Several terms in this text are especially relevant to the issue at hand. The first is the statute's temporal term: "before." The statute requires prisoners who wish to file a successive § 2255 motion to seek authorization in the appropriate court of appeals "[b]efore" the motion "is filed in the district court." *Id.* Moreover, the statute's temporal requirement is mandatory: a prisoner "*shall* move" for circuit-court authorization "[b]efore" filing a successive § 2255 motion in district court. *Id.* (emphasis added); *see* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 112 (2012) (explaining that "shall" denotes a mandatory requirement). Griham failed to comply with this mandatory temporal requirement by filing his successive § 2255 motion in this court without first seeking authorization from the Eleventh Circuit. And nothing about a § 1631 transfer enables him to cure his noncompliance.

To see why § 1631 is of no help to Griham, consider this. Even if this court were to transfer Griham's § 2255 motion to the Eleventh Circuit, and even were the Eleventh Circuit to find that his motion satisfies the requirements of § 2255(h), that would do nothing to change the fact that the Eleventh Circuit's authorization was neither sought nor obtained "[b]efore" Griham's successive § 2255 motion "[was] filed in" this court, as AEDPA requires. 28 U.S.C. § 2244(b)(3)(A). Griham's successive § 2255 motion was filed in this court on June 21, 2016, and any authorization the Eleventh Circuit might grant under § 2244(b)(3)(A) following a § 1631 transfer would necessarily be *after*, not before, that filing date. Thus, even a § 1631 transfer

would not enable Griham to comply with § 2244(b)(3)(A)'s mandatory temporal requirement.

It is no answer to say that a § 1631 transfer will allow this court to *consider* Griham's successive § 2255 motion after the Eleventh Circuit has authorized it to do so. Section 2244(b)(3)(A)'s text requires Griham to seek circuit-court authorization before his successive motion is "*filed in* the district court"—not before it is *considered by* the district court. Thus, to comply with § 2244(b)(3)(A), Griham would have to *file* a new § 2255 motion in this court *after* seeking circuit-court authorization. But any such filing would plainly be untimely under § 2255(f)'s one-year limitations period, which began to run for Griham's *Johnson* claim on June 26, 2015. *See supra*, n.5. Section 1631 is therefore of no benefit to Griham: it cannot help him comply with § 2244(b)(3)(A)'s mandatory temporal requirement for successive § 2255 motions. And, because it would not benefit Griham, a § 1631 transfer would not be "in the interest of justice" even if it were available. *Guenther*, 173 F.3d at 1331.

The court recognizes that other courts of appeals have held that § 1631 transfers of § 2255 motions are permissible in these circumstances. *See Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996); *Coleman v. United States*, 106 F.3d 339 (10th Cir. 1997); *In re Sims*, 111 F.3d 45 (6th Cir. 1997). But those per curiam decisions did not scrutinize the text of either § 1631 or the relevant subsections of §§ 2255 and 2244, and they are unpersuasive for that reason. *Liriano*, decided shortly after AEDPA's enactment, did not so much as mention the term "civil action" apart from quoting the text of § 1631, let alone analyze how a § 2255 motion qualified as a civil action. Nor did it provide even a cursory analysis of § 2244(b)(3)(A)'s mandatory requirement that prisoners seek circuit-court authorization *before* filing a successive § 2255 motion in district court. *Liriano* instead reads more like the report of a policymaking body addressing what procedures *should* govern successive applications for postconviction relief than a judicial opinion deciding what

19

procedures Congress *in fact* established for successive applications. And *Coleman* and *Sims* simply uncritically -- and incorrectly -- followed *Liriano*'s faulty reasoning. Those decisions thus offer no reason to doubt either of the court's alternative holdings: (1) that a § 2255 motion is not a "civil action" subject to transfer under § 1631 and (2) that a § 1631 transfer would be futile in this case because Griham did not seek authorization from the Eleventh Circuit before filing his successive § 2255 motion.

**III.** **Conclusion**

For the reasons explained above, the court lacks jurisdiction to consider Griham's successive § 2255 motion, and a transfer to the Eleventh Circuit under 28 U.S.C. § 1631 is both unavailable and futile. The motion is thus due to be denied for lack of jurisdiction. A separate order will be entered.

**DONE** and **ORDERED** this June 13, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE